IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00065-MR

| | |
|---|---|
| JASON LEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TAMARA M. LEE, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 8].

**I.      BACKGROUND**

The *pro se* Plaintiff filed this civil rights action while he was incarcerated at the Rutherford County Correctional Center.[1] He names as the sole Defendant Tamara M. Lee, the attorney who was appointed to represent him in a criminal matter in February 2017. [Doc. 1 at 1]. He alleges that Ms. Lee provided ineffective assistance in that proceeding by altering the terms of the plea agreement without his knowledge. [Id. at 4]. He seeks damages and any other relief the Court deems just and proper. [Id. at 6].

---

[1] He has now been released from custody.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

The Plaintiff attempts to assert a claim against his appointed criminal defense lawyer. However, Plaintiff makes absolutely no factual allegations to support the contention that Defendant Lee was acting under the color of state law during the criminal representation. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system."). As such, this Court lacks any subject matter jurisdiction under 28 U.S.C. §§ 1331 or 1332.[2]

---

[2] If the Plaintiff wishes to challenge his criminal conviction and/or sentence, he must do so in an appropriate collateral proceeding.

This claim also appears to be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because Plaintiff's success on this claim would necessarily imply the invalidity of the conviction, and he does not allege that it has been vacated or otherwise overturned.

Moreover, this action appears to be time-barred, as it was filed more than four years after the incidents at issue allegedly occurred. <u>See</u> <u>Nat'l Advertising Co. v. City of Raleigh</u>, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991) (section 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions).

### IV. CONCLUSION

In sum, the Plaintiff has failed to state any plausible claim pursuant to § 1983 and the Court lacks subject matter jurisdiction over this action.

**IT IS, THEREFORE, ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**. Signed: August 31, 2021

Martin Reidinger
Chief United States District Judge